IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES RAMOS,** | ) | FILED: AUGUST 7, 2008 |
| | ) | 08CV4478 |
| **Plaintiff,** | ) | JUDGE COAR |
| | ) | MAGISTRATE JUDGE BROWN |
| | ) | **Case No.** |
| v. | ) | |
| | ) | JFB |
| **EXELON GENERATION GROUP,** | ) | |
| **LLC d/b/a COMED,** | ) | **Jury Trial Requested** |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

NOW COMES, Plaintiff, JAMES RAMOS, by and through his attorneys, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, EXELON GENERATION GROUP, LLC d/b/a COMED, states as follows:

**PRELIMINARY STATEMENT**

1.  This is an action seeking redress for violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981, by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq. ("Title VII"), and by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

**JURISDICTIONAL STATEMENT**

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981, by Title VII, and by the ADEA. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and

2202.

## VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4. Plaintiff, JAMES RAMOS, is a Puerto Rican-American, fifty years old, citizen of the United States of America and is a resident of the State of Illinois.

5. Defendant, EXELON GENERATION GROUP, LLC d/b/a COMED, is a corporation properly recognized and sanctioned by the laws of the State of Pennsylvania, and at all times did and continues to do, business in Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

## PROCEDURE

6. Plaintiff filed a charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on June 6, 2008. The EEOC issued Plaintiff a Right to Sue on July 22, 2008, which was received on July 24, 2008. The Notice of the Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

## COUNT I - NATIONAL ORIGIN DISCRIMINATION - § 1981

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. On or about January 7, 1985, Plaintiff began his employment with Defendant, as a C-Operator at Coalplant Station #16.

9. Throughout Plaintiff's employment, Plaintiff has performed to Defendant's

reasonable expectations, as evidenced by his five (5) promotions, annual merit-based bonuses, and approximately twenty-nine (29) raises.

10. Ultimately, Defendant promoted Plaintiff to the position of Crewleader, which supervises twenty-five (25) other employees, in 2003.

11. On the basis of Plaintiff's national origin, Puerto Rico, Plaintiff's supervisors provided Plaintiff an inequitable distribution of jobs, vacations, workload, and discipline, as compared to his similarly-situated, non-Puerto-Rican coworkers on a daily basis.

12. As a result of the discriminatory terms and conditions of Plaintiff's employment, Plaintiff submitted grievances of national origin harassment and discrimination through his union and complaints of the same to Defendant's Ethics department.

13. Despite Plaintiff's complaints of harassment and discrimination, Defendant allowed Plaintiff's coworkers and supervisors to continue harassing and discriminating against Plaintiff without reprimand, and the discriminatory conditions of Plaintiff's employment did not cease after his complaints and through his firing.

14. Exemplifying the disparate discipline imposed upon Plaintiff as compared to his non-Puerto-Rican coworkers is the five (5) day suspension issued to Plaintiff in January 2007 for folding his arms, which Plaintiff's foreman, Dzenan Vojnikovic, alleged to be an "aggressive act;" however, evidencing Vojnikovic's animus against Plaintiff's national origin, Vojnikovic failed to issue any form of discipline to John Jackson, a Caucasian-American coworker, who berated Vojnikovic with obscenities in front of coworkers without suffering any rebuke.

15. Further revealing the disparate discipline imposed upon Plaintiff was Defendant's issuance to Plaintiff of a thirty-one (31) day suspension upon allegations of swearing by Plaintiff's

foreman, who singled Plaintiff out of a group of non-Puerto Rican coworkers that were collectively using similar language in a friendly banter.

16. In addition to the disparate discipline imposed upon Plaintiff, members of Defendant's management made physical threats against Plaintiff's safety. Significantly, Plaintiff's foreman, Todd Weaver, menacingly waived a gun at Plaintiff, while threatening Plaintiff with violence.

17. Plaintiff further suffered the taunts of his coworkers and supervisors, who called Plaintiff, among other things, "spook" and "nigger," and that Defendant was "going to fire him because he was a minority."

18. To maintain his employment, Defendant required Plaintiff, after twenty-four (24) years of devoted service, to pass a competency test or be fired; however, non-Puerto Rican employees, similarly-situated to Plaintiff, were not required to take skills tests to keep their employment.

19. Plaintiff was additionally given the worst job assignments by Plaintiff's supervisors, who ordered Plaintiff and the only other minority on Plaintiff's shift, another Puerto-Rican, to work in a team on the most dirty job assignments, as Plaintiff's non Puerto-Rican similarly situated coworkers laughed about Plaintiff's plight.

20. Defendant's discrimination against Plaintiff culminated in the March 27, 2008 firing of Plaintiff by members of Defendant's management, including Vojnikovic, who was one of Plaintiff's most vehement tormentors.

21. Specifically, Plaintiff was told the basis for his termination was the allegation he did not reach the 35% ARCOS call out requirement, as he allegedly only reached 34% at the time he was

fired.

22. Defendant's basis for firing Plaintiff is manifested as pretext by the facts that numerous other non-Puerto Rican coworkers, such as Peter Cortesi and Andy Gerjol, similarly situated to Plaintiff responded to calls at a significantly lower rate than Plaintiff, but were spared any discipline, and that Defendant's supervisors knew that the ARCOS system's numbers were unreliable, as Defendant's employees, with the assistance of their supervisors, would make prank call through ARCOS to other employees, which falsely skewed the numbers generated by the ARCOS system.

23. Further, Defendant violated its own progressive disciplinary policy in terminating Plaintiff's employment, as Defendant should have given Plaintiff a five (5) day suspension for its accusations against Plaintiff; however, Defendant elevated Plaintiff's discipline and fired Plaintiff, despite Plaintiff's specific evidence refuting the justness of firing him.

24. Plaintiff, in a February 2008, fact-finding hearing with his supervisors, who fired Plaintiff, provided his supervisors with specific evidence demonstrating that Defendant would be violating its progressive disciplinary policy by firing him, and he only deserved a five (5) day suspension.

25. Since firing Plaintiff, Defendant has further prevented Plaintiff from obtaining work in the electric field, which Plaintiff had been practicing for the past twenty-four (24) years as an employee of Defendant.

26. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his national origin, Puerto Rico, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment

relationship in violation of 42 U.S.C. § 1981.

27.　　As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAMES RAMOS, prays for judgment against Defendant, COMMONWEALTH EDISON COMPANY d/b/a EXELON, and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of national origin;

C. Order Defendant to make whole JAMES RAMOS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to JAMES RAMOS;

E. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

### COUNT I - NATIONAL ORIGIN DISCRIMINATION- TITLE VII

28. Paragraphs one (1) through twenty-five (25) are incorporated by reference as if fully set out herein.

29. The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of his national origin, Puerto Rican, in violation of the provisions of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

30. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages, physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAMES RAMOS, prays for judgment against Defendant, COMMONWEALTH EDISON COMPANY d/b/a EXELON, and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of national origin;

C. Order Defendant to make whole JAMES RAMOS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to JAMES RAMOS;

E. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.      Grant Plaintiff his attorney's fees, costs, disbursements; and

G.      Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

### COUNT I – ADEA - AGE DISCRIMINATION

31.      Paragraphs one (1) through twenty-five (25) are incorporated by reference as if fully set out herein.

32.      Defendant disciplined Plaintiff on the basis of his age, fifty (50) years old, as evidenced, *inter alia*, by Defendant thirty-one (31) day and five (5) day suspensions of Plaintiff, which it did not issue any discipline to substantially younger coworkers, similarly-situated to Plaintiff.

33.      Defendant further terminated Plaintiff on the basis of his age, as evidenced, *inter alia*, by Defendant its failure to terminate the employment of Plaintiff's similarly situated substantially younger coworkers, who had far lower rate than Plaintiff, but were spared any discipline.

34.      The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his age, fifty (50), and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 29 U.S.C. § 621 et seq.

35.      As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.  Declare the conduct of the Defendant to be in violation of rights guaranteed to the Plaintiff pursuant to appropriate federal law;

B.  Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that unlawfully discriminates on the basis of age;

C.  Order Defendant to make whole JAMES RAMOS by providing the affirmative relief necessary to eradicate the efforts of the Defendant's unlawful practices;

D.  Grant the Plaintiff any consequential, compensatory, and any other damages that Court may deem appropriate;

E.  Grant the Plaintiff the attorney's fees, costs and disbursements; and

F.  Grant the Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

36.  Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,

JAMES RAMOS, Plaintiff,

By_____/s  Lisa Kane_____
    Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | James R. Ramos<br>10158 West Chaney Avenue<br>Beach Park, IL 60099 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

Certified Mail 7001 0320 0006 1100 1143

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-06075 | Jacquelyn C. Gandy,<br>Investigator Support Asst | (312) 886-5976 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John P. Rowe_     7/22/08
John P. Rowe,            (Date Mailed)
**District Director**

Enclosures(s)

cc: COMMONWEALTH EDISON/EXELON

FILED: AUGUST 7, 2008
08CV4478
JUDGE COAR
MAGISTRATE JUDGE BROWN

JFB

## Verification

I, James Ramos, declare under penalty of perjury that the foregoing is true and correct.

Executed on August 7, 2008.

_James R. Ramos_
James Ramos

```
FILED: AUGUST 7, 2008
08CV4478
JUDGE COAR
MAGISTRATE JUDGE BROWN

JFB
```