IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES RAMOS,  )<br>  )<br>        Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>EXELON GENERATION GROUP, LLC d/b/a  )<br>COMED,  )<br>  )<br>        Defendant.  ) | Case No. 08 CV 4478<br>Judge Coar<br>Magistrate Judge Brown |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Commonwealth Edison Company ("ComEd"), improperly named as EXELON GENERATION GROUP, LLC d/b/a COMED, for its answer to the Complaint of Plaintiff James Ramos, states as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981, by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq. ("Title VII"), and by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER:**

ComEd admits that this action purports to assert claims under 42 U.S.C. § 1981, Title VII and the ADEA, and to seek injunctive relief and damages. ComEd denies that it has violated any of these statutes, denies that any of its actions toward Plaintiff were unlawful or wrongful, and denies that Plaintiff is entitled to any of the relief he seeks.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981, by Title VII, and by the ADEA. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

ComEd admits that this Court has subject matter jurisdiction over the claims asserted. ComEd denies that it has violated any of the cited statutes, denies that any of its actions toward Plaintiff were unlawful or wrongful, and denies that Plaintiff is entitled to any of the relief he seeks.

## VENUE

3.  Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**ANSWER:**

Admitted.

## PARTIES

4.  Plaintiff, JAMES RAMOS, is a Puerto Rican-American, fifty years old, citizen of the United States of America and is a resident of the State of Illinois.

**ANSWER:**

ComEd admits that Ramos is fifty years old, is a citizen of the United States, and is a resident of the State of Illinois. ComEd lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that he is a Puerto-Rican American.

5.  Defendant, EXELON GENERATION GROUP, LLC d/b/a COMED, is a corporation properly recognized and sanctioned by the laws of the State of Pennsylvania, and at all times did and continues to do, business in Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

**ANSWER:**

ComEd states that Ramos was employed by ComEd, which is a subsidiary of Exelon Energy Delivery, LLC, not EXELON GENERATION GROUP, LLC. ComEd admits that it did and continues to do business in the State of Illinois, is engaged in an industry that affects commerce, and is an employer for purposes of 42 U.S.C. § 2000e(b). ComEd denies that Ramos was employed by EXELON GENERATION GROUP, LLC, denies that EXELON GENERATION GROUP, LLC is properly named as a defendant in this action, and denies the remaining allegations in paragraph 5.

## PROCEDURE

6.  Plaintiff filed a charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on June 6, 2008. The EEOC issued Plaintiff a Right to Sue on July 22, 2008, which was received on July 24, 2008. The Notice of the Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

**ANSWER:**

ComEd admits that Plaintiff filed a charge of discrimination with the EEOC on or about June 6, 2008, that the EEOC issued Plaintiff a Right to Sue letter dated July 22, 2008, and that Plaintiff filed this action within ninety (90) days. ComEd is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that the right to sue letter was received on July 24, 2008. ComEd denies the remaining allegations in paragraph 6.

## COUNT I - NATIONAL ORIGIN DISCRIMINATION - § 1981

7.  Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:**

ComEd incorporates by reference its answers and denials to paragraphs 1 through 6 as if fully set out herein.

8.  On or about January 7, 1985, Plaintiff began his employment with Defendant, as a C-Operator at Coalplant Station #16.

**ANSWER:**

Admitted.

9.  Throughout Plaintiff's employment, Plaintiff has performed to Defendant's reasonable expectations, as evidenced by his five (5) promotions, annual merit-based bonuses, and approximately twenty-nine (29) raises.

**ANSWER:**

Except to admit that Plaintiff received certain promotions, bonuses and raises in the usual course of employment, ComEd denies each and every allegation in paragraph 9.

3

10. Ultimately, Defendant promoted Plaintiff to the position of Crewleader, which supervises twenty-five (25) other employees, in 2003.

**ANSWER:**

ComEd admits that it promoted Plaintiff to the position of Crewleader in 2003. ComEd denies the remaining allegations in paragraph 10.

11. On the basis of Plaintiff's national origin, Puerto Rico, Plaintiff's supervisors provided Plaintiff an inequitable distribution of jobs, vacations, workload, and discipline, as compared to his similarly-situated, non-Puerto-Rican coworkers on a daily basis.

**ANSWER:**

ComEd denies each and every allegation in paragraph 11.

12. As a result of the discriminatory terms and conditions of Plaintiff's employment, Plaintiff submitted grievances of national origin harassment and discrimination through his union and complaints of the same to Defendant's Ethics department.

**ANSWER:**

Except to admit that Plaintiff submitted grievances through his union pursuant to a Collective Bargaining Agreement and a complaint in which he referred to his national origin, ComEd denies each and every allegation in paragraph 12.

13. Despite Plaintiff's complaints of harassment and discrimination, Defendant allowed Plaintiff's coworkers and supervisors to continue harassing and discriminating against Plaintiff without reprimand, and the discriminatory conditions of Plaintiff's employment did not cease after his complaints and through his firing.

**ANSWER:**

ComEd denies each and every allegation in paragraph 13.

14. Exemplifying the disparate discipline imposed upon Plaintiff as compared to his non-Puerto-Rican coworkers is the five (5) day suspension issued to Plaintiff in January 2007 for folding his arms, which Plaintiff's foreman, Dzenan Vojnikovic, alleged to be an "aggressive act;" however, evidencing Vojnikovic's animus against Plaintiff's national origin, Vojnikovic failed to issue any form of discipline to John Jackson, a Caucasian-American coworker, who berated Vojnikovic with obscenities in front of coworkers without suffering any rebuke.

4

**ANSWER:**

Except to admit that ComEd imposed a 5-day suspension on Plaintiff in January 2007, ComEd denies each and every allegation in paragraph 14.

15. Further revealing the disparate discipline imposed upon Plaintiff was Defendant's issuance to Plaintiff of a thirty-one (31) day suspension upon allegations of swearing by Plaintiff's foreman, who singled Plaintiff out of a group of non-Puerto Rican coworkers that were collectively using similar language in a friendly banter.

**ANSWER:**

Except to admit that ComEd imposed a 22-day suspension on Plaintiff, ComEd denies each and every allegation in paragraph 15.

16. In addition to the disparate discipline imposed upon Plaintiff, members of Defendant's management made physical threats against Plaintiff's safety. Significantly, Plaintiff's foreman, Todd Weaver, menacingly waived a gun at Plaintiff, while threatening Plaintiff with violence.

**ANSWER:**

ComEd denies each and every allegation in paragraph 16.

17. Plaintiff further suffered the taunts of his coworkers and supervisors, who called Plaintiff, among other things, "spook" and "nigger," and that Defendant was "going to fire him because he was a minority."

**ANSWER:**

ComEd denies each and every allegation in paragraph 17.

18. To maintain his employment, Defendant required Plaintiff, after twenty-four (24) years of devoted service, to pass a competency test or be fired; however, non-Puerto Rican employees, similarly-situated to Plaintiff, were not required to take skills tests to keep their employment.

**ANSWER:**

Except to admit that ComEd required Plaintiff to take a competency test for legitimate, non-discriminatory reasons, ComEd denies each and every allegation in paragraph 18.

19. Plaintiff was additionally given the worst job assignments by Plaintiff's supervisors, who ordered Plaintiff and the only other minority on Plaintiff's shift, another Puerto-Rican, to work in a team on the most dirty job assignments, as Plaintiff's non Puerto-Rican similarly situated coworkers laughed about Plaintiff's plight.

**ANSWER:**

ComEd denies each and every allegation in paragraph 19.

20. Defendant's discrimination against Plaintiff culminated in the March 27, 2008 firing of Plaintiff by members of Defendant's management, including Vojnikovic, who was one of Plaintiff's most vehement tormentors.

**ANSWER:**

Except to admit that Plaintiff was discharged from his employment with ComEd on or about March 27, 2008 for legitimate nondiscriminatory reasons, ComEd denies each and every allegation in paragraph 20.

21. Specifically, Plaintiff was told the basis for his termination was the allegation he did not reach the 35% ARCOS call out requirement, as he allegedly only reached 34% at the time he was fired.

**ANSWER:**

Except to admit that Plaintiff was terminated for not satisfying the 35% ARCOS callout requirement while on the final step of progressive discipline after receiving prior progressive discipline for failing to meet ARCOS callout requirements, ComEd denies each and every allegation in paragraph 21.

22. Defendant's basis for firing Plaintiff is manifested as pretext by the facts that numerous other non-Puerto Rican coworkers, such as Peter Cortesi and Andy Gerjol, similarly situated to Plaintiff, responded to calls at a significantly lower rate than Plaintiff, but were spared any discipline, and that Defendant's supervisors knew that the ARCOS system's numbers were unreliable, as Defendant's employees, with the assistance of their supervisors, would make prank call through ARCOS to other employees, which falsely skewed the numbers generated by the ARCOS system.

**ANSWER:**

ComEd denies each and every allegation in paragraph 22.

23. Further, Defendant violated its own progressive disciplinary policy in terminating Plaintiff's employment, as Defendant should have given Plaintiff a five (5) day suspension for its accusations against Plaintiff; however, Defendant elevated Plaintiff's discipline and fired Plaintiff, despite Plaintiff's specific evidence refuting the justness of firing him.

**ANSWER:**

ComEd denies each and every allegation in paragraph 23.

24. Plaintiff, in a February 2008, fact-finding hearing with his supervisors, who fired Plaintiff, provided his supervisors with specific evidence demonstrating that Defendant would be violating its progressive disciplinary policy by firing him, and he only deserved a five (5) day suspension.

**ANSWER:**

Except to state that ComEd held a fact-finding hearing with Plaintiff, ComEd denies each and every allegation in paragraph 24.

25. Since firing Plaintiff, Defendant has further prevented Plaintiff from obtaining work in the electric field, which Plaintiff had been practicing for the past twenty-four (24) years as an employee of Defendant.

**ANSWER:**

Except to state that ComEd has a legitimate, non-discriminatory policy of not allowing an individual who it terminated for cause to work on ComEd property, ComEd denies each and every allegation in paragraph 25.

26. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his national origin, Puerto Rico, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

**ANSWER:**

ComEd denies each and every allegation in paragraph 26.

27. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

**ANSWER:**

ComEd denies each and every allegation in paragraph 27.

## COUNT I [sic] – NATIONAL ORIGIN DISCRIMINATION – TITLE VII

28. Paragraphs one (1) through twenty-five (25) are incorporated by reference as if fully set out herein.

**ANSWER:**

ComEd incorporates by reference its answers and denials to paragraphs 1 through 25 as if fully set out herein.

29. The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of his national origin, Puerto Rican, in violation of the provisions of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

**ANSWER:**

ComEd denies each and every allegation in paragraph 29.

30. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

**ANSWER:**

ComEd denies each and every allegation in paragraph 30.

## COUNT I [sic] – ADEA - AGE DISCRIMINATION

31. Paragraphs one (1) through twenty-five (25) are incorporated by reference as if fully set out herein.

**ANSWER:**

ComEd incorporates by reference its answers and denials to paragraphs 1 through 25 as if fully set out herein.

32. Defendant disciplined Plaintiff on the basis of his age, fifty (50) years old, as evidenced, inter alia, by Defendant [sic] thirty-one (31) day and five (5) day suspensions of Plaintiff, which it did not issue any discipline to substantially younger coworkers, similarly-situated to Plaintiff.

8

**ANSWER:**

Except to admit that it issued 22 and 5-day suspensions to Plaintiff, ComEd denies each and every allegation in paragraph 32.

33. Defendant further terminated Plaintiff on the basis of his age, as evidenced, inter alia, by Defendant its [sic] failure to terminate the employment of Plaintiff's similarly situated substantially younger coworkers, who had far lower rate than Plaintiff, but were spared any discipline.

**ANSWER:**

ComEd denies each and every allegation in paragraph 33.

34. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his age, fifty (50), and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 29 U.S.C. § 621 et seq.

**ANSWER:**

ComEd denies each and every allegation in paragraph 34.

35. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

**ANSWER:**

ComEd denies each and every allegation in paragraph 35.

### AFFIRMATIVE DEFENSES

Answering further in accordance with Rule 8 of the Federal Rules of Civil Procedure, ComEd states the following defenses and affirmative defenses to the allegations in the Complaint.

1. The Complaint should be dismissed in its entirety for failure to state any claim upon which relief can be granted.

2. The Complaint should be dismissed in its entirety because ComEd had a legitimate, non-discriminatory reason for terminating Plaintiff's employment, and for each of the other actions Plaintiff challenges as unlawful or discriminatory.

3. Plaintiff attempts to seek relief under Title VII and the ADEA based upon claims that are outside the scope of his EEOC Charge. All claims that are outside the scope of the predicate EEOC Charge are barred. Alternatively, the Court lacks jurisdiction over said claims.

4. Plaintiff's claims, or some of them, are barred to the extent that they are based on acts that occurred outside the applicable statute of limitations.

5. Plaintiff's claims, or some of them, are barred because the acts complained of do not constitute materially adverse actions or rise to the level of an objectively hostile environment entitling him to relief.

6. Plaintiff's claims, or some of them, are barred because Plaintiff failed to invoke or exhaust ComEd's internal complaint procedure.

7. To the extent that Plaintiff alleges violations of the collective bargaining agreement governing his employment relationship and/or asserts claims which require interpretation or application of the collective bargaining agreement, Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

8. Plaintiff's claim for damages should be denied or limited because he has, on information and belief, failed to mitigate his damages and/or has unreasonably failed to take advantage of preventative or corrective opportunities provided by ComEd or to otherwise avoid harm.

9. To the extent Plaintiff may be awarded any monetary damages herein, they must be reduced by the amounts of any monies or income paid to him by ComEd or any other source.

10. Plaintiff's claim for punitive damages is barred or limited by the Fifth, Fourteenth, and Eighth Amendments to the United States Constitution.

11. Plaintiff's claim for punitive damages should be denied because ComEd made good faith efforts to comply with all relevant federal anti-discrimination laws and, if any discriminatory conduct occurred, ComEd is not liable in punitive damages for the acts of its non-managerial employees and is

not vicariously liable for the discriminatory employment decisions of managerial agents which are contrary to defendant's good faith efforts to comply with the law.

WHEREFORE, Defendant ComEd respectfully requests that Plaintiff James Ramos's Complaint be dismissed in its entirety with prejudice, that judgment be entered in ComEd's favor, that ComEd be awarded its attorneys' fees and costs, and that ComEd be awarded such other and further relief as this Court deems just and proper.

DATED: September 2, 2008

Respectfully submitted,

**COMMONWEALTH EDISON COMPANY**

By: /s/Steven L. Gillman
One of Its Attorneys

Steven L. Gillman
Todd D. Steenson
Kelli A. Fitzgerald
Holland & Knight LLP
131 South Dearborn Street, 30th Floor
Chicago, Illinois 60603
(312) 263-3600
Steven.gillman@hklaw.com
Todd.steenson@hklaw.com
Kelli.fitzgerald@hklaw.com

## CERTIFICATE OF SERVICE

I, Steven L. Gillman, an attorney, hereby certify that on September 2, 2008, I filed Defendant's **Answer to Complaint and Affirmative Defenses** via electronic filing and that service was accomplished pursuant to the ECF for filing users.

*s/Steven L. Gillman*
One of Its Attorneys

# 5573272_v1